IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DAVID KLECKNER,

    Plaintiff,

vs.

FACTORYFIX, INC.,

    Defendant.

Case No. 21 CV 4574

## COMPLAINT

NOW COMES the Plaintiff, David Kleckner, by and through his attorneys, McDonald & Kloth, LLC, and as and for his cause of action against the Defendant, FactoryFix, Inc., an Illinois Corporation, alleges as follows:

### NATURE OF ACTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Illinois Minimum Wage Law ("IMWL"), 850 ILCS 105, Illinois Whistleblower Act ("IWA"), 740 ILCS 174, and retaliatory discharge. Plaintiff seeks reinstatement, lost wages, employment benefits, out-of-pocket expenses, punitive damages, compensatory damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

### PARTIES

2. David Kleckner (hereinafter "Kleckner" or "Plaintiff") is an adult resident of the State of Wisconsin with a residence located at 5236 Frisco Court, Middleton, Wisconsin 53562.

3. FactoryFix, Inc. (hereinafter "FactoryFix" or "Defendant") is an Illinois corporation with a principal place of business located at 1415 North Cherry Avenue, Chicago, Illinois 60642.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201 *et seq*.

5. This court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

6. The Northern District of Illinois has personal jurisdiction over Defendant because Defendant's principal place of business is located within the District, Defendant performs substantial business within the District, and is subject to jurisdiction within the District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (d) because Defendant is a corporation subject to personal jurisdiction within the District at the time this action is being commenced.

## FACTUAL ALLEGATIONS

8. FactoryFix is an employment staffing firm specializing in manufacturing jobs.

9. FactoryFix engaged Kleckner in February 2021 to perform various marketing services for the company.

10. FactoryFix and Kleckner executed a "Marketing Sales Agreement" on February 17, 2021 regarding their engagement. Kleckner has attached a true and correct copy of the Marketing Sales Agreement hereto as Exhibit 1.

11. The Marketing Sales Agreement contained the following "Description" of the function Kleckner was to perform for FactoryFix:

> "[Kleckner] will help in a content marketing role to position Factory Fix as the leading recruiting platform in the manufacturing industry and the largest database of pre-vetted, skilled, manufacturing candidates. We will be using multiple tactics to accomplish this positioning, including Digital Ads, Content Creation, and Thought Leadership.
> - Social media management
> - Content creation
> - Content execution
> - Engagement reporting
> - Partnerships & affiliations
> - Paid marketing initiatives
> - SEO & SEM services"

12. FactoryFix controlled Kleckner's work throughout Kleckner's affiliation with the company.

13. FactoryFix directed Kleckner's work schedule throughout his affiliation with the company.

14. FactoryFix directed Kleckner's workflow throughout his affiliation with the company.

15. FactoryFix required Kleckner to attend weekly and other meetings throughout his affiliation with the company.

16. FactoryFix monitored the work Kleckner performed on a routine and continuous basis.

17. FactoryFix directed how Kleckner approached and performed his work throughout his affiliation with the company.

18. FactoryFix commented on and changed work performed by Kleckner throughout his affiliation with the company.

19. FactoryFix treated Kleckner as an employee in all respects of the working relationship with the exception of how it paid him.

20. FactoryFix did not withhold taxes from Kleckner's paychecks.

21. Kleckner worked approximately five (5) hours of overtime in each week of his employment with FactoryFix.

22. Kleckner was paid $4,000 per month for his work regardless of the number of hours he worked.

23. On or about April 1, 2021, Kleckner met with Patrick O'Rahilly, CEO of FactoryFix, to discuss a recent issue that developed with FactoryFix's use of Indeed.com to post its manufacturing jobs.

24. Indeed.com prohibits other staffing companies from using its platform to promote their jobs.

25. FactoryFix routinely used Indeed.com to promote its manufacturing jobs.

26. In March 2021, Indeed.com banned FactoryFix from using its platform because it violated the policy prohibiting other staffing companies from posting their job on the Indeed.com job boards.

27. During the April 1, 2021 meeting, O'Rahilly informed Kleckner and another marketing person that they needed to find a way to get FactoryFix's jobs on the Indeed.com job boards.

28. O'Rahilly directed Kleckner to create a fake business to get FactoryFix's jobs on the Indeed.com job boards. O'Rahilly proposed several potential business names for Kleckner to use.

29. Kleckner opposed creating a fake business and believed creating a fake business was illegal.

30. Creating a fake business would have required Kleckner to falsify documents filed with the State of Illinois.

31. Kleckner refused to falsify documents.

32. Kleckner made his opposition known to O'Rahilly.

33. FactoryFix terminated Kleckner's employment on April 21, 2021.

## LEGAL CLAIMS

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

34. Kleckner incorporates paragraphs 1 through 33 as if fully set forth herein.

35. The Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

36. The Defendant is engaged in interstate commerce and generates in excess of $500,000.00 in revenue annually.

37. Kleckner was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

38. Kleckner was a non-exempt employee under 29 U.S.C. § 213(a) since he did not meet the criteria for any exemption under the FLSA.

39. The FLSA requires each covered employer to compensate all non-exempt employees at the rate of time-and-one-half for all hours worked in excess of forty (40) hours per week.

40. During the applicable statute of limitations, Kleckner performed work in excess of forty hours per week.

41. During the applicable statute of limitations, Kleckner performed work in excess of forty (40) hours per week without receiving overtime compensation.

42. These practices violate the FLSA including, but not limited to, 29 U.S.C. § 206 and 207, and have caused Kleckner to suffer wage loss.

43. Defendant knew or showed reckless disregard for the fact that it failed to pay Kleckner overtime compensation in violation of the FLSA.

### COUNT II

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

44. Kleckner incorporates paragraphs 1 through 33 as if fully set forth herein.

45. The IMWL requires companies to compensate non-exempt employees at the rate of time-and-one-half for all hours worked in excess of 40 hours per work week.

46. Kleckner worked in excess of 40 hours per week at various times throughout his employment with FactoryFix.

47. Kleckner estimates that he worked five (5) hours of overtime in each week of his employment with FactoryFix. .

48. FactoryFix has not compensated Kleckner at the rate of time-and-one-half for the overtime hours.

49. FactoryFix has violated the IMWL by not compensating Kleckner appropriately for the hours of overtime he worked.

50. FactoryFix is liable to Kleckner for payment of the overtime hours he worked.

51. Kleckner demands liquidated damages for FactoryFix's violation of the IMWL.

52. Kleckner demands payment for attorney's fees and costs associated with having to bring this action to enforce his rights under the IMWL.

## COUNT III

## VIOLATION OF ILLINOIS WHISTLEBLOWER ACT

53. Kleckner incorporates paragraphs 1 through 33 as if fully set forth herein.

54. It is a fundamental and well-defined public policy of the State of Illinois that documents filed with the State of Illinois be truthful, honest, and not filed for an improper purpose.

55. Illinois Statute 805 ILCS 5/16.10 makes it a Class C Felony for any officer or director of a corporation to "sign[] any report or statement filed with the Secretary of State which is known to such officer or director to be false in any material statement or representation."

56. Illinois Statute 805 ILCS 180/1-25 requires limited liability companies to be formed "for any lawful purpose."

57. An Illinois limited liability company must be dissolved where that "company's activities [are] unlawful." 805 ILCS 180/35-1

58. It is unlawful in the State of Illinois to engage in "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…." 815 ILCS 505/2

59. Kleckner refused to comply with O'Rahilly's directive because it would have required Kleckner to violate the law and subject himself to possible civil and criminal penalties.

60. FactoryFix terminated Kleckner's employment because he refused a directive to violate the law.

61. FactoryFix violated the IWA, 740 ILCS 174/20, when it terminated Kleckner's employment for refusing to violate the law.

62. FactoryFix is liable to Kleckner for reinstatement, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

## COUNT IV

## RETALIATORY DISCHARGE

63. Kleckner incorporates paragraphs 1 through 33 as if fully set forth herein.

64. It is a fundamental and well-defined public policy of the State of Illinois that documents filed with the State of Illinois be truthful, honest, and not filed for an improper purpose.

65. Illinois Statute 805 ILCS 5/16.10 makes it a Class C Felony for any officer or director of a corporation to "sign[] any report or statement filed with the Secretary of State which is known to such officer or director to be false in any material statement or representation."

66. Illinois Statute 805 ILCS 180/1-25 requires limited liability companies to be formed "for any lawful purpose."

67. An Illinois limited liability company must be dissolved where that "company's activities [are] unlawful." 805 ILCS 180/35-1

68. It is unlawful in the State of Illinois to engage in "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…." 815 ILCS 505/2

69. Kleckner refused to comply with O'Rahilly's directive because it would have required Kleckner to violate the law and subject himself to possible civil and criminal penalties.

70. FactoryFix terminated Kleckner's employment because he refused a directive to violate the law.

71. FactoryFix engaged in retaliatory discharge when it terminated Kleckner's employment for refusing to violate the law.

72. FactoryFix is liable to Kleckner for reinstatement, lost pay, lost benefits, out of pocket expenses, compensatory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, David Kleckner, and against the Defendant, FactoryFix, Inc., for all damages, costs, fees, and equitable remedies alleged herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 26th day of August, 2021.

                                            **MCDONALD & KLOTH, LLC**
                                            Attorneys for David Kleckner

                                  By:    s/Shannon D. McDonald
                                            Shannon D. McDonald
                                            ARDC No. 6281559

MCDONALD & KLOTH, LLC
20 N. Clark Street, Suite 3300
Chicago, IL 60602
Office: (312) 626-1881
Fax:   (312) 648-6202
sdm@themklaw.com